IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ZETTIE COX as administrator of the**
**Estate of BRANDON STEGALL, decedent**   CASE NO. 3:21 CV 1332

    Plaintiff,

    v.   JUDGE JAMES R. KNEPP II

**SPENCER LIPPUS, et al.,**
       MEMORANDUM OPINION AND
    Defendants.   ORDER

### INTRODUCTION

This case began with Zettie Cox ("Plaintiff"), as administrator of Brandon Stegall's ("Decedent") estate, filing a Complaint in the Court of Common Pleas for Erie County. (Doc. 1-1). Shortly thereafter, Spencer Lippus and Steven Lippus ("Defendants") removed the case to this Court. *See* Doc. 1. The next day, Plaintiff moved to remand the case, and also sought attorneys' fees from Defendants for removing the case without an objectively reasonable basis for doing so. (Docs. 4, 5). Defendants opposed the motion. (Doc. 8), and Plaintiff replied (Doc. 9). For the following reasons, the Court agrees with Plaintiff, orders the case remanded, and orders Defendant to pay just costs and any actual expenses incurred by Plaintiff.

### BACKGROUND

Plaintiff brings a wrongful death claim and a survival claim of conscious pain and suffering against Defendants. *See generally* Doc. 1-1. Steven Lippus owns a boat; his son, Spencer, had unlimited access to the boat. *Id.* at ¶12. Decedent was on that boat with Spencer Lippus, who was piloting the boat in Sandusky Bay, when Decedent fell from the boat and drowned. *Id.* at ¶¶14-22.

Plaintiff, as administrator of Decedent's estate, brought claims against Defendants. *Id.* at ¶4. All parties in this case are Ohio residents. *Id.* at ¶¶5-7.

Defendants removed the case to this Court. *See* Doc. 1. They assert admiralty or maritime jurisdiction give this Court original jurisdiction over the claim, thereby making the case removable. *Id.* at ¶5. They do not assert any other basis for removal jurisdiction.

## STANDARD OF REVIEW

"The party seeking removal bears the burden of establishing its right thereto." *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97–98 (1921)). Removal jurisdiction derives from the allegations in Plaintiff's "well-pleaded complaint". *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). "[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

## DISCUSSION

Plaintiff argues, while her claims are within the Court's original jurisdiction, that alone does not permit Defendants to remove the case to this Court. (Doc. 5, at 4-8). She contends this is so abundantly clear as to make Defendants' attempt to remove the case not objectively reasonable, entitling her to attorneys' fees. *Id.* at 8-9.

Defendants rely upon relatively recent amendments to the removal statute to argue this case is indeed removable, even as past courts interpreting prior versions of the removal statute held otherwise. (Doc. 8, at 3-7).

For the following reasons, the Court holds this case is not removable and finds the attempt objectively unreasonable, entitling Plaintiff to her attorneys' fees and other costs.

Removal Jurisdiction

Plaintiff's claim falls within this Court's maritime jurisdiction. Federal courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). A party invoking federal admiralty jurisdiction must "satisfy conditions both of location and of connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). Location is easily satisfied in the present case, as the tort alleged by Plaintiff occurred on navigable water. *Id.* (citing 46 U.S.C. § 30101). The connection condition itself has two prongs: the Court must consider whether the incident has "a potentially disruptive impact on maritime commerce", and whether "the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Id.* at 534 (citing *Sisson v. Ruby*, 497 U.S. 358, 364-65 (1990)). Defendant persuasively argues these elements are satisfied (Doc. 8, at 1-3), and Plaintiff readily agrees her claims fall within the Court's original jurisdiction (Doc. 9, at 1). Thus, the Court will assume, *arguendo*, Plaintiffs claims do fall within the Court's maritime jurisdiction.

But falling within federal maritime jurisdiction does not necessarily make a case removable. "*Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Here, the same statute giving the Court jurisdiction over maritime claims saves to suitors "all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The so-called "saving to suitors" clause has generally barred removal of maritime actions brought in state courts.

*In re Chimenti*, 79 F.3d 534, 538 (6th Cir. 1996) ("In short, it is settled that actions brought in state court under the 'saving to suitors' clause are not generally removable."). If this case proceeded in this Court, to take one example, Plaintiff would lose her right to a jury trial. Fed. R. Civ. P. 38(e). And case law makes clear that this remedy is saved by § 1333. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454–55 (2001) ("Trial by jury is an obvious, but not exclusive, example of the remedies available to suitors.").

Defendants cite two cases, neither of which are binding, for the proposition that an amendment to the removal statute supersedes much of the case law cited by Plaintiff, rendering maritime cases removable much like most original jurisdiction cases. (Doc. 8, at 5-7 (citing *Lu Junhong v. Boeing Co.*, 792 F.3d 805 (7th Cir. 2015) and *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013)). These cases held an amendment to the removal statute brought admiralty cases within the removal jurisdiction of this Court. *See Lu Junhong*, 792 F.3d at 817-818. Prior to 2011, the relevant section of the removal statute read:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)-(b) (prior version).

The current version eliminates the distinction between a "claim or right arising under the Constitution, treaties or laws of the United States" and "[a]ny other such action":

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The Supreme Court previously held the prior version of 28 U.S.C. § 1441(b) would permit removal of maritime actions, except that it considered them "other such action[s]", leaving them only removable under diversity jurisdiction. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 372 (1959). Because that distinction is not present in the new statute, Defendants argue, they are freely removable now under federal question jurisdiction. *See* Doc. 8, at 5-7.

But these cases lack legal reasoning applicable to this case because they explicitly did not address the argument presented here – that the "saving to suitors" clause blocks removal. Judge Gray H. Miller, who wrote the *Ryan* opinion cited by Defendants, noted in a subsequent opinion:

> Specifically, when a maritime claim is filed in state court under the Savings to Suitors Clause, it is transformed into a case at law, as opposed to admiralty. The federal district courts thus do not have original jurisdiction under the Savings to Suitors Clause, which provides original jurisdiction over any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

Sanders, unlike the plaintiff in *Ryan*, raised this argument.

*Sanders v. Cambrian Consultants (CC) Am., Inc.*, 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015) (internal quotation omitted). Similarly, the Seventh Circuit noted: "Perhaps it would be possible to argue that the saving-to-suitors clause itself forbids removal, without regard to any language in § 1441. But plaintiffs, who have not mentioned the saving-to-suitors clause, do not make such an argument." *Lu Junhong*, 792 F.3d at 818.

Here, the Court has such an argument before it. (Doc. 5, at 5-6). And the Court finds that argument persuasive, similar to other courts in this Circuit that have addressed this question.

*Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F. Supp. 2d 721, 727 (E.D. Mich. 2010) ("Consequently, in the present case, removal on the basis of admiralty jurisdiction is ineffective, since the plaintiff, having filed the action originally in state court, is deemed to have elected to pursue traditional common law remedies to resolve the dispute."); *Sullivan v. Bay Point Resort Operations LLC*, 433 F. Supp. 3d 1072, 1075 (N.D. Ohio 2019) ("I reject Defendants assertion that any admiralty and maritime claim is removable under § 1441(a), as amended in 2011.…[W]hile *Ryan* emphasizes the substantive change in § 1441(b) and plain language of the statute alone, it ignores the language of § 1333(1) entirely and the fact that § 1333(1) remained consistent through the 2011 Amendment."). The "saving to suitors" clause is an Act of Congress, and its plain language would be contravened if Defendants could remove this case and strip Plaintiff of her right to trial by jury. The 2011 amendment to 28 U.S.C. § 1441(a) did nothing to alter 28 U.S.C. § 1333, and that section alone bars removal of the present case. Therefore, removal was improper, and the Court will remand the case to the Court of Common Pleas for Erie County.

<u>Award of Costs</u>

Plaintiff also moves this Court to require Defendants to pay her attorneys' fees related to filing her motion. (Doc. 5, at 8-9). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Conversely, when an objectively reasonable basis exists, fees should be denied."). The non-removing party has the burden to "establish that the . . . removal attempt was not objectively reasonable." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1061 (6th Cir. 2008).

Plaintiff argues well-settled case law within the Sixth Circuit makes clear this action was not removable. (Doc. 5, at 8-9). *In re Chimenti*, decided in 1996, makes clear Plaintiff's case is not removable. 79 F.3d at 538 ("In short, it is settled that actions brought in state court under the 'saving to suitors' clause are not generally removable."). And the *Chimenti* court relied upon the "savings to suitors" clause for its holding, not the language of the removal statute, which means the reasoning of *Lu Junhong* and *Ryan*, to the extent it is persuasive at all, does not undermine the Sixth Circuit's prior reasoning. This greatly diminishes the reasonableness of Defendants' argument urging this Court to follow persuasive authority from outside this district and circuit.

Further, this Court was confronted with, and rejected, the very same argument Defendants are making here. That case, *Sullivan v. Bay Point Resort Operations LLC*, did not include an award of attorneys' fees, but only because the plaintiff ignored an injunction previously entered by the court. "Had Plaintiffs properly sought to first dissolve the injunction to pursue the State court action, Defendants would have had no objectively reasonable basis to remove the action." *Sullivan*, 433 F. Supp. 3d at 1074. The case explicitly rejects the persuasive value of *Ryan* in this district. *Id.* at 1074, n.1. Defendants do not attempt to distinguish this Court's prior reasoning, which has been grounds for attorneys' fees awards in other districts. *See Boakye v. NCL (Bahamas) Ltd.*, 295 F. Supp. 3d 1342, 1348 (N.D. Ga. 2018) ("And though they were able to cite the *Ryan* line of cases in support of their admiralty argument, the Defendants completely ignored the jurisprudence in this Circuit regarding removal of claims based solely on admiralty jurisdiction.").

When Defendants lack an objectively reasonable basis, fees should be awarded to Plaintiff absent unusual circumstances. *Warthman*, 549 F.3d at 1060 (citing *Martin*., 546 U.S. at 141). In their defense, Defendants argue Plaintiff could have waived the objection to removal, thus making it reasonable to try. (Doc. 8, at 9). But a hope that an opposing party will not make its strongest

argument does not amount to an objectively reasonable basis to remove the case. Defendants also cite to Fifth Circuit cases for the proposition that the issues in this case remain unsettled. *Id.* at 8-9. But, as discussed above, what the law is in other circuits is of limited relevance when the law in this circuit is clearly contrary to Defendants' position. *See Boakye*, 295 F. Supp. 3d at 1348. Indeed, the law of this district offered a warning to Defendants that their arguments were objectively unreasonable. *Sullivan*, 433 F. Supp. 3d at 1074.

Thus, with no unusual circumstances present, the Court finds Defendants lacked an objectively reasonable basis for removal, and Plaintiff is entitled to "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

### Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Remand (Doc. 4) be, and the same hereby is, GRANTED; and it is hereby

FURTHER ORDERED that Plaintiff's application for reasonable attorneys' fees (and costs, if any) shall be filed by November 10, 2021.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE